FAJARDO SUGAR GROWERS' ASSOCIATION, APPELLANT, *v.*
REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decicion of the Registrar of Property Admitting to Record a Deed of Bargain and Sale with Curable Defects.

No. 235.—Decided July 27, 1916.

CORPORATION—TRUSTEES OR RECEIVERS—RECORD OF TITLE—CURABLE DEFECT.—
When the trustees or receivers of a corporation acquire the ownership of certain joint interests in rural properties, the record made in their names in the registry should be understood as made in the name of the corporation; therefore failure to express in the title-deed the proportional part acquired by each receiver or trustee does not constitute a curable defect.

The facts are stated in the opinion.
*Mr. Luis Muñoz Morales* for the appellant.
The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By deed No. 49, executed before Notary Luis Muñoz Morales in the city of San Juan on June 1, 1916, George D. Graves, as attorney in fact of William B. Churchman, sold an undivided interest of three-eighths of each of the two properties described in said deed and situated in the municipal district of Naguabo to James H. Post, James Bliss Coombs and Lorenzo D. Armstrong, as trustees of the private commercial firm known as the Fajardo Sugar Growers' Association, represented by their attorney in fact, Jorge Bird Arias.

The said deed having been presented in the Registry of Property of Humacao for record, the registrar recorded the same in the terms stated in the following decision:

"This instrument is recorded on pages 194 and 205 of volumes 20 and 13 of Naguabo, properties Nos. 511 and 361, records 17 and

11 respectively, with the curable defects that Jorge Bird Arias is not shown to be the attorney in fact of the purchasers and that the proportions in which the purchasers take the property sold to them are not stated.''

An appeal from the above decision was taken by the Fajardo Sugar Growers' Association, represented by its attorney, Luis Muñoz Morales.

The only question to be considered and decided in this appeal is whether the trustees of the Fajardo Sugar Growers' Association purchased the property for the association, as is claimed by the attorney for the appellant, or for themselves, as is contended by the registrar.

The deed in question shows upon its face that James H. Post, James Bliss Coombs and Lorenzo D. Armstrong, purchased the property as trustees of the Fajardo Sugar Growers' Association and that therefore they acquired the property for the said association and not for themselves personally. The record of the property made in their names as trustees of the Fajardo Sugar Growers' Association should be considered as made in the name of the association.

This being the case, it was not necessary to state in the deed the proportion which each of the trustees acquired of the property sold to them, and therefore the failure to make such statement does not constitute the defect assigned by the registrar.

The other defect, consisting of the failure to show the representation of Jorge Bird Arias, is not involved in this appeal.

The question of whether the failure of the trustees of the Fajardo Sugar Growers' Association to show that they were such trustees when their attorney in fact, Jorge Bird Arias, purchased the property in question, has not been raised.

For the reasons stated, the decision appealed from should be reversed as to the defect that the deed did not state the

proportions in which the purchasers acquired the property sold to them.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.